## CIRCUIT COURT OF THE CITY OF NORFOLK

National Union Fire Ins. Co. of Pittsburgh
and Ryder Truck Rental, Inc.

v.

Aetna Casualty and Surety Co.

v.

Ryder Truck Rental, Inc.

March 31, 1983

Case No. (Law) L82-555

By JUDGE EDWARD L. RYAN, JR.

The plaintiff insurance company, invoking the "other insurance" clause of its policy and Code § 38.1-381(a3) contends for the proposition that defendant insurance company should pay the entire loss or at least a pro rata share. The defendant insurance company, invoking a similar clause of its policy, contends that it should pay nothing. Thus, it can be said that the conflicting clauses are mutually repugnant.

*State Farm Mut. Auto. Ins. Co.* v. *United States F. & G. Co.*, 490 F.2d 407 (4th Cir. 1971), cuts the Gordian knot by saying in a similar case:

> Accordingly, we hold that the clauses in question are mutually repugnant and should be disregarded, and that the loss and expenses of litigation should be prorated between the companies in proportion to their respective policy limits.

See also *Southern Home Ins. Co.* v. *Willoughby*, 182 S.E.2d 910 (Ga. 1971).

The reasoning of the Fourth Circuit Court of Appeals is persuasive and is supported by decisions from almost a dozen other jurisdictions.

The court is persuaded and holds in this case that the loss and expenses should be similarly prorated. (N.B. For a *reply* to the criticism of this approach, see *Southern Home Ins. Co.* v. *Willoughby*, 182 S.E.2d 910, 913 (Ga. 1971).)

The court would be remiss if it did not recognize the devoted attention of both counsel to this matter and also comment on the salient points raised by them. Counsel by thorough reviews of what *State Farm* v. *U.S.F. & G.*, *supra*, describes as "the welter of cases in this area" in which, heretofore, the courts have generally adopted one of three approaches to a solution. This was for the reason that counsel did not know that this court would join with the Fourth Circuit in "cutting the Gordian knot."

Plaintiff urged on the court, in rather persuasive fashion, that the case was governed, and could be easily decided, by an application of the provisions of the "omnibus clause," Code § 38.1-381(a3). Stated simply, this provides that when a lessor rents out a motor vehicle for six months or more (as in this case) and the vehicle is covered by liability insurance running to the "named insured" (lessor), then the policy *must* ("shall") contain a provision that the insurance coverage shall *not* be applicable to the operations of the vehicle by the lessee "*if* there is any other valid and collectible insurance applicable to the same loss covering such other person (the lessee) under a policy" valid in Virginia. Counsel's briefs and argument were persuasive and weighty.

On the other hand, and with equal persuasion and weight, counsel for defendant argued (among other points) that; first, the defendant was in fact a "named insured" (See Endorsement 13 to plaintiff's policy) and that, strictly, excess insurance does not constitute "other valid and collectible insurance," a requirement for the application of § 38.1-381(a3); that, secondly, the unambiguous provisions of the two policies are not "mutually repugnant"; that, thirdly, there was no violation of the omnibus clause by the defendant; and, fourthly, plaintiff

should be estopped because defendant reasonably relied upon the representations of Ryder (the lessor) in its leasing contract that Ryder would provide a primary policy of motor vehicle liability insurance.

As stated above, this court concludes that the "other insurance" clauses of the two policies are mutually repugnant, compounded by the provisions of the lease and those of § 38.1-381(a3). (For the policy clauses, see Exhibit B, p. 3, subsection 5 and Exhibit C, p. 4, B. Other Insurance.) Under the circumstances of the loss in this case, the Aetna policy grants only "excess" coverage, whereas the National Union policy coverage is determined by the application of intricate and involved provisions as to "(a) Contribution by Equal Shares" and "(b) Contribution by Limits." They appear to be repugnant.

The court having adopted the principles of *State Farm, supra,* the issues raised by counsel become moot.